IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ROBERT KOLAR, Individually and as Representative of the Rite Aid Corporation Investment Opportunity Plan and its Participants and Beneficiaries, | : : : : : : | |
| PLAINTIFF, | : : | CIVIL ACTION |
| v. | : : | NO. 01-CV-1229 |
| RITE AID CORPORATION, FRANKLYN M. BERGONZI, THOMAS F. FOLEY, RICHARD VARMECKY, ROBERT R. SOUDER, DEAN DELL ANTONIA, EDWIN E. LILJA, PRUDENTIAL INSURANCE COMPANY OF AMERICA, PRUDENTIAL SECURITIES, INC., PRUDENTIAL RETIREMENT SERVICES, INC., PRUDENTIAL INVESTMENT MANAGEMENT SERVICES, LLC, THE ROHRBAUGH GROUP and JOHN DOE(S) number ONE through TEN, | : : : : : : : : : : : : : : : : | CLASS ACTION |
| DEFENDANTS. | : | |

## PLAINTIFF'S COUNSEL'S SUPPLEMENTAL PETITION FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

Come now, counsel for plaintiff in the above-styled action, the law firms of Liner

Yankelevitz Sunshine & Regenstreif LLP; The Ross Law Firm; and Steiker, Fischer, Edwards &

Greenapple, P.C. (hereinafter "Plaintiff's Counsel"), and make this application to the Court for a

supplemental award of attorneys' fees and reimbursement of expenses and costs incurred in this

litigation (the "Supplemental Petition") in the amount of $107,447.50 in supplemental fees and $13,465.80 in supplemental expenses, respectively, plus pro-rata interest on the settlement funds currently held in escrow for the benefit of Plaintiff's Counsel, and show the Court the following in support thereof:

1.      By Order and memorandum opinion entered on March 13, 2003 (the "March 13 Order"), the Court awarded to Plaintiff's Counsel fees in the requested amount of $5,234,557.50 and expense reimbursements in the requested amount of $159,059.77, *Kolar v. Rite Aid Corp., 2003 U.S.Dist. LEXIS 3646, at \*16-17, 30 Employee Benefits Cas. 1993 (Mar. 11, 2003 E.D.Pa.)*, declaring that the "fee request is ... therefore, in all respects reasonable ..." (March 13 Order at 13).

2.      In their initial Petition for Attorneys' Fees and reimbursement of Expenses (the "Initial Petition"), Plaintiff's Counsel advised the Court that they would "submit a supplemental application for fees and costs for the period from January 13, 2002 though the date of final distribution of the settlement proceeds ..."[1]

3.      In the Initial Petition (at 14, ¶ 22) Plaintiff's Counsel also requested that the award of attorneys' fees include "... interest at the rate being earned under the escrow agreement established to hold the cash settlement fund." However, the March 13 Order did not address the interest issue.

---

[1] "Plaintiff's Counsel also reserve the right to submit a supplemental application for fees and costs for the period from January 13, 2002 though the date of final distribution of the settlement proceeds, subject to the terms of the agreement with State Street. It is anticipated that 250-375 additional hours of time will be required to implement the settlement." Initial Petition at 14, n.5. The Supplemental Petition covers 311.75 hours.

4.      By letter to the Court, dated April 10, 2003, and attached hereto as Exhibit "A,"

Plaintiff's Counsel advised the Court that they would file a supplemental request for fees and

expenses, including a request for interest, approximately thirty (30) days in advance of the as yet

unknown settlement proceeds distribution date.

5.      The only condition to the effectiveness of the settlement and the commencement of

the distribution of the settlement proceeds in this matter is the issuance by the Department of Labor

of the final Class Exemption for Release of Claims and Extensions of Credit in Connection with

Litigation, 68 Fed. Reg. 6953 (proposed Feb. 11, 2003) (the "Final PTE").

6.      On information and belief, the Department of Labor is likely to issue the Final PTE

shortly and, therefore, Plaintiff's Counsel respectfully submit that it would now be appropriate for

the Court to consider this Supplemental Petition.

7.      A supplemental award of attorneys' fees and reimbursement of expenses and costs

is appropriate in this action and is consistent with the request made in the Initial Petition and the

terms of the March 13 Order.

8.      In support of this Supplemental Petition, Plaintiff's Counsel incorporate by

reference their Initial Petition, including the supporting affidavits and the memorandum of law in

support thereof.

9.      As noted in the March 13 Order, pursuant to the written fee agreement among

Plaintiff's Counsel and State Street Bank & Trust Company ("State Street"), Plaintiff's Counsel

have agreed to limit the fee request sought in the Supplement Petition to their actual hourly rates,

without a multiplier.

10.     The Supplemental Petition seeks fees at the same hourly rates for the relevant

attorneys and paralegals as were agreed to by State Street in the written fee agreement and

approved by the Court in the March 13 Order.

11.     During the course of the litigation, each of Plaintiff's Counsel has kept detailed records of the time invested to prosecute the claim and consummate the settlement. The "Consolidated Summary of Plaintiff's Counsel's Supplemental Fees" for the period after January 12, 2003 that is the subject of this request is attached hereto as Exhibit "B."

12.     The Supplemental Declarations of Ronald S. Kravitz, Esquire, Steven J. Ross, Esquire and Steven R. Fischer, Esquire, attached hereto as Exhibits "C," "D" and "E," respectively, are submitted in support of this Supplemental Petition. The attachments to those declarations and Exhibits C, D, and E, respectively, include the time records for each firm since January 12, 2003 and a summary of hours for each firm.

13.     For the reasons set forth in the Initial Petition and accepted by the Court in the March 13 Order, the hourly rates for the attorneys involved in this complex ERISA litigation matter and requested in this Supplemental Petition are reasonable, insofar as they were negotiated and approved by State Street in an arms-length transaction.

14.     The declarations and time records of Plaintiff's Counsel indicate the total, cumulative time invested by Plaintiff's Counsel from January 13, 2003, through the date of this Supplemental Petition (excluding time spent preparing this Supplemental Petition), is 311.75 hours. Based on the materials and records set forth in Exhibits C through E, the actual billings of Plaintiff's Counsel from January 13, 2003, through the date hereof equals $107,447.50. This amount is reflected in the Consolidated Summary attached hereto as Exhibit B, and constitutes the attorney fee request for Plaintiff's Counsel in this Supplemental Petition.

15.    When added to the fees awarded by the Court in connection with the Initial Petition,

the requested amount remains a reasonable and appropriate percentage of the total recovery[2] in

light of the following factors:

-The results obtained after over two years of complex, multiparty ERISA litigation is substantial and represents a successful outcome for the Rite Aid Plans and their participants and beneficiaries, as more fully explained and demonstrated in the Initial Petition and the March 13 Order;

-The amount and percentage of the fund requested in the Supplemental Petition for additional attorneys' fees remains fully consistent with existing judicial precedent both within and without the Third Circuit for appropriate and reasonable awards for litigation in which a common fund has been created for the benefit of a class. In particular, the percentage of the fund requested by Plaintiff's Counsel remains fully supportable under criteria established by the Third Circuit for setting a reasonable percentage of the fund award, as more fully explained and demonstrated in the Initial Petition and the March 13 Order.

16.    Plaintiff's Counsel have a prior agreement concerning how the attorney fee award

will be divided among them, so it is not necessary for the Court to address the allocation of fees in

the Supplemental Petition between and among Plaintiff's Counsel.

17.    The settlement funds have been on deposit with the claims administrator and

escrow agent (Wachovia Bank, N.A.), with deposits by the various Defendants and/or their

insurers commencing November 20, 2002.[3]  The settlement funds have earned interest at the annual

---

[2]In the March 13 Order, the Court, in granting the fee request of Plaintiff's Counsel based upon the terms of the State Street fee agreement, determined the percentage of the common fund being awarded to Plaintiff's Counsel was 7.725% (see March 13 Order at 10). Increasing the fee by the amount requested in this Supplemental Petition would increase the percentage award nominally, to 7.884% of the total value of the settlement payments.

[3]Lexington Ins. Co., Rite Aid's insurer, deposited $1,500,000 into escrow on November 20, 2002. Prudential deposited $1,250,000 into escrow on November 20, 2002. Rite Aid made its deposit into escrow on November 25, 2002. The Traveler's $4,000,000 escrow deposit occurred on March 25, 2003.

rate of approximately 0.79 % since that time.[4]  Given the extended period of time that has

transpired without distribution of the previously awarded fees and costs to Plaintiff's Counsel

while the parties await the Department of Labor's action on the Final PTE, Plaintiff's Counsel

respectfully request that the Court award them interest on the fees and expenses awarded in the

March 13 Order and on such additional fees and expenses as the Court shall determine to award

hereunder, from November 20, 2002, through the date of distribution of the cash settlement fund, at

the rate earned under the escrow agreement established to hold the cash settlement fund.

18.    During the course of this litigation, Plaintiff's Counsel advanced the expenses of

litigation, which were awarded in the March 13 Order.  Since January 12, 2003, additional costs

and expenses have been incurred in connection with the settlement of this matter, including copying

costs, travel costs associated with the fairness hearing for the settlement, telephone expenses

responding to Class Member inquiries made to and by the call center established to communicate

with the class, mailing expenses, expert expenses, and other costs to implement and administer the

settlement.

19.    The Supplemental Rite Aid ERISA Litigation Cost and Expense Summary is

attached hereto as Exhibit "F." It is a detailed record of the costs and expenses incurred by

Plaintiff's Counsel during the course of the Rite Aid ERISA Litigation, from January 13, 2003

through the date hereof.  The affidavits of Messrs. Kravitz, Ross and Fischer attest to the accuracy

of the materials which comprise that exhibit.

20.    These expenses were incurred directly by Plaintiff's Counsel for the prosecution of

the Rite Aid ERISA Litigation, and were necessary to the outcome obtained. They are therefore

_____

[4]The total interest earned on the settlement distribution funds through August 31, 2003, from information calculated and provided by Wachovia Bank, N.A., is $ 52,987.44.

reasonable and appropriate under the circumstances.

21.     Plaintiffs' Counsel are requesting that the total amount of $13,465.80 be reimbursed to Plaintiff's Counsel directly for supplemental expenses of litigation incurred from January 13, 2003 through the date hereof.

**WHEREFORE**, Plaintiff's Counsel respectfully prays that this Court: (i) award them a reasonable supplemental attorneys' fee in the amount of $107,447.50; (ii) order that Plaintiff's Counsel be reimbursed for reasonable and necessary supplemental expenses and costs incurred by them as detailed on the Rite Aid ERISA Litigation Cost and Expense Summary, which expenses arose out of and were incurred during the prosecution and settlement of the Rite Aid ERISA Litigation, in the amount of $13,465.80; (iii) award Plaintiff's Counsel its pro-rata share of the interest earned by the cash settlement fund from November 20, 2002, through the date of distribution thereof; and (iv) that this Court grant such other and further relief as it deems appropriate.

Respectfully Submitted,

Ronald S. Kravitz, Esq.
Randall J. Sunshine, Esq.
Liner Yankelevitz Sunshine & Regenstreif LLP
One Post Street
Suite 2400
San Francisco, CA  94104-5228

7

Steven J. Ross, Esq.
1015 Atlantic Boulevard
Suite 306
Atlantic Beach, FL 32233

Steven R. Fischer, Esq.
Steiker, Fischer, Edwards & Greenapple, P.C.
7318 Germantown Avenue
Philadelphia, PA 19119

Attorneys for Plaintiff Robert Kolar and the Class

Dated: September 29, 2003

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ROBERT KOLAR, Individually and as Representative of the Rite Aid Corporation Investment Opportunity Plan and its Participants and Beneficiaries,<br><br>               PLAINTIFF,<br><br>       v.<br><br>RITE AID CORPORATION,<br>FRANKLYN M. BERGONZI,<br>THOMAS F. FOLEY,<br>RICHARD VARMECKY,<br>ROBERT R. SOUDER,<br>DEAN DELL ANTONIA,<br>EDWIN E. LILJA,<br>PRUDENTIAL INSURANCE<br>COMPANY OF AMERICA,<br>PRUDENTIAL SECURITIES, INC.,<br>PRUDENTIAL RETIREMENT<br>SERVICES, INC., PRUDENTIAL<br>INVESTMENT MANAGEMENT<br>SERVICES, LLC,<br>THE ROHRBAUGH GROUP and<br>JOHN DOE(S) number ONE<br>   through TEN,<br><br>          DEFENDANTS. | CIVIL ACTION<br><br>NO. 01-CV-1229<br><br><br><br><br><br><br><br><br><br><br><br><br>CLASS ACTION |

MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S COUNSEL'S SUPPLEMENTAL PETITION
FOR ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

Counsel for plaintiff in the above-styled action, the law firms of Liner Yankelevitz

Sunshine & Regenstreif LLP; The Ross Law Firm; and Steiker, Fischer, Edwards & Greenapple,

P.C. (hereinafter "Plaintiff's Counsel"), respectfully submit this Memorandum of Law in Support

of their Supplemental Petition for Attorneys' Fees and Reimbursement of Expenses (the

"Supplemental Petition").[1]

Plaintiff's Counsel respectfully show this Court that the approval of the supplemental

requests made herein for attorneys fees, expense reimbursement and interest is appropriate insofar

as the supplemental requests are fair and reasonable in all respects, and are essentially supported

by the findings and reasoning of the Court in its March 13 Order.

**A.    The Basis and Reasoning of the Court's March 13, 2003 Award of Attorneys' Fees and Reimbursement of Expenses Continues to Apply to this Supplemental Request.**

On March 7, 2003, the Court conducted a hearing on the fairness of the settlement of the

Rite Aid ERISA Litigation. The hearing addressed not only the overall fairness of the settlement

itself but also the consideration of proper attorneys' fees and the reimbursement of expenses for

Plaintiff's Counsel.[2]

---

[1]    Throughout this Memorandum of Law, Plaintiff's Counsel will use the same defined terms as in the Supplemental Petition. The Court's Memorandum Opinion approving the settlement and awarding attorneys' fees and expenses shall be referred to as the "March 13 Order." Plaintiff's Counsel's original fee petition considered by the Court in the March 13 Order shall be referred to as the "Initial Petition." The Department of Labor's anticipated prohibited transaction exemption shall be referred to as the "Final PTE." State Street Bank & Trust as Independent Named Fiduciary for the Rite Aid plans shall be referred to as "State Street." This litigation shall be referred to as the "Rite Aid ERISA Litigation."

[2]    January 12, 2003 was the "cut-off date" for the calculation of the award of attorneys' fees and reimbursement of expenses in Plaintiff's Counsel's Initial Petition because the Court, in its preliminary approval order entered November 12, 2002, had ordered Plaintiff's Counsel to file its Initial Petition by January 17, 2003. In order to meet the deadline established by the Court, only billing and expense records through January 12, 2003 were included in the Initial Petition and considered by the Court in the March 13 Order.

In its March 13 Order, the Court approved in all respects the settlement valued at $67.76 million, and approved and awarded Plaintiff's Counsel attorneys' fees in the amount of $5,234,557.50 and the reimbursement of expenses in the amount of $159,059.77. In doing so, the Court upheld and approved the terms of the arms-length written fee agreement entered into between Plaintiff's Counsel and State Street as the Independent Named Fiduciary for the Rite Aid plans. Under that agreement, Plaintiff's Counsel agreed to a fee that would pay them for their actual hours at agreed upon hourly rates, with a multiplier of 2.5, for those hours worked through the preliminary approval of the settlement on November 11, 2002, and actual hourly rates for hours worked thereafter, without any multiplier. Plaintiff's Counsel also voluntarily agreed to forego requesting any fees for the considerable work associated with their Initial Petition and this Supplemental Petition. The percentage of the settlement value awarded to Plaintiff's Counsel as fees was determined by the Court to be 7.725%. As part of the fee award in the March 13 Order, the Court examined and applied the Third Circuit's *Gunter* factors to the request of Plaintiff's Counsel, see *Gunter v. Ridgewood Energy Corp.*, 223 F.3d. 190, 194-95 (3d. Cir. 2000), and found the fee request to be "in all respects reasonable."

In the Initial Petition, Plaintiff's Counsel informed the Court that it would be seeking a supplemental award of fees and expenses (based upon the terms of the agreement with State Street) at such time as all of the work of approving, administering and implementing the settlement was substantially complete. By letter dated April 10, 2003, Plaintiff's Counsel also informed the Court that the Supplemental Petition would address a pro-rata request for interest on the cash portion of the settlement being held in escrow. Such interest had been requested in the Initial Petition but the request was not addressed in the March 13 Order. The Court thereafter indicated its willingness to take up the interest matter in this Supplemental Petition.

3

Insofar as the Department of Labor is expected to issue its Final PTE shortly, the time is now ripe for the consideration of the matters presented in the Supplemental Petition. Plaintiff's Counsel submit that all of the reasoning applied by the Court in the March 13 Order in approving the fees and expenses of Plaintiff's Counsel in its Initial Petition apply with equal force to the requests now made in this Supplemental Petition. The supplemental requests are proper applying the Third Circuit's *Gunter* factors, other significant decisions by and within the Third Circuit,[3] and on the fundamental basis that the requests for fees, expenses and interest remain fair and reasonable under the standards enunciated by the Court in the March 13 Order.  In support of the requests made in this Supplemental Petition, Plaintiff's Counsel therefore respectfully incorporate by reference the Memorandum of Law they filed in support of their Initial Petition.

**B.     The Work Performed Since January 12, 2003, was Necessary and Appropriate to Secure Approval of and to Administer the Settlement.**

Since Plaintiff's Counsel submitted its time and billing records in the Initial Petition for work performed through January 12, 2003, additional work has been performed in three predominant areas of the case that were necessary for the successful conclusion of this matter. First, the fairness settlement hearing occurred on March 7, 2003. Plaintiff's Counsel, working with its expert Dr. Korczyk and its client Mr. Kolar and State Street, prepared for, attended and presented the Plaintiff's case at the March 7, 2003, settlement hearing. Next, the settlement administration process entailed a significant amount of work. That work involved, among other

---

[3]     See, for example, *In re: Prudential Ins. Co. Am Sales Prac. Litig. Agent Actions*, 148 F. 3d 283, 333-334 (3d Cir. 1998); *In re GMC Pick-Up Truck Fuel Tank Prods. Liab. Litigation*, 55 F.3d 768, 820-822 (3d Cir. 1995); *In Re U.S. Bioscience Securities Litigation*, 155 F.R.D. 116 (E.D. Pa. 1994); *In Re Rite Aid Corp. Securities Litigation*, 146 F. Supp. 2d 706 (E.D. Pa. 2001).

4

things, communications with Class Members who made inquiries about their rights under the

settlement, and working with the claims administrators to make certain the underlying Rite Aid

plans data was available and accurate in order to correctly implement and calculate the shares of

each Class Member under the relatively complex Plan of Allocation approved by the Court.

Finally, monitoring and addressing the concerns of the Department of Labor on issues associated

with the Final PTE exemption has occurred during this time-frame. All these matters were

necessary to successfully approve, implement, administer and finalize the settlement, and are

detailed in the time records of each of Plaintiff's Counsel submitted with the Supplemental

Petition. Those time records are attached hereto, along with the declarations of Plaintiff's Counsel,

as Exhibits C, D and E.  A Consolidated summary of Plaintiff's Counsel's Supplemental Fees is

attached hereto as Exhibit B.  Furthermore, the work performed since January 13, 2003, for which

fees are being sought in this Supplemental Petition is also consistent with the estimate Plaintiff's

Counsel represented to the Court would likely be necessary to conclude work on this matter.[4]


## C.   The Supplemental Fees are Reasonable in Amount and Still Result in an Overall Percentage Award that Remains Reasonable and Consistent with Court Precedent

As indicated on Exhibit B, the supplemental request for attorneys fees for the work

performed since January 12, 2003 is $107,447.50. If approved by the Court, this would make the

final, total award of attorney fees in this case $5,342,005.00. Based upon the $67.76 million value

ascribed to the settlement in the March 13 Order, this would result in a final percentage award of

---

[4]   In the Initial Petition, Plaintiff's Counsel represented that it anticipated that between up to 375 additional hours of time would be required to implement the settlement. See Initial Petition at 14, n.5. This Supplemental Request is consistent with that estimate.

7.884%, only nominally higher than the 7.725% calculated and approved in the March 13 Order, and well within reasonable standards established by the Third Circuit and this Court. The supplemental fee request is also entirely consistent with the agreement Plaintiff's Counsel has with State Street, both as to the hours that would be charged and the hourly rates that would apply, and which the Court has already approved in the March 13 Order. For these reasons, the Court should approve this supplemental request for attorneys fees.

Likewise, the expenses incurred since January 12, 2003, amount to $13,465.80, again a small increment from the $159,059.77 previously approved by the Court in the March 13 Order. Specifically, in the March 13 Order, the Court had "no hesitation" in approving Plaintiff's Counsel's expense reimbursement request in the Initial Petition, finding the amounts requested to be "reasonable for a complex matter that has been pending for as long as this one." The supplemental expenses requested in this Supplemental Petition were principally associated with expenses for the final settlement hearing (including travel and Plaintiff's expert Dr. Korczyk) and those expenses advanced to administer and implement the settlement, and were necessary and appropriate under the circumstances. The Court should therefore approve the supplemental request for the reimbursement of expenses. See March 13 Order at 13, *Missouri v. Jenkins*, 491 U.S. 274, 284 (1989). These supplemental expenses are set forth in attached Exhibit F.

## D.      Plaintiff's Counsel's Request for Pro-Rata Interest on the Escrowed Funds is Appropriate

Under the terms of the settlement, the defendants and their insurers were required to and did remit their respective portion of the cash settlement fund into escrow. Beginning on November

6

20, 2002, those escrowed funds have been held in a federal government money market fund with

Wachovia Bank N.A.  As of August 31, 2003, Wachovia Bank has informed Plaintiff's Counsel

that the escrowed funds have returned interest at the average annual rate of 0.79% since November

20, 2002, resulting in total interest earned of $52,987.44 through the end of August 2003.

Of course, the distribution of the cash portion of the settlement currently held in escrow

($10.76 million) has been delayed under the terms of the Settlement Agreement while the parties

await the action of the Department of Labor to issue the Final PTE. The issuance of that PTE is

now expected to occur shortly. Plaintiff's Counsel is requesting that it be awarded its pro-rata

share of the interest earned on the escrowed funds (at the same rate earned by the escrowed funds)

for those amounts that are distributed to Plaintiff's Counsel for attorneys' fees and the

reimbursement of expenses, commencing with November 20, 2002, for the amounts awarded in the

March 13 Order, and for amounts awarded in connection with this Supplemental Petition.

The award of pro-rata interest to class counsel for attorney fees and expenses when the

overall cash settlement proceeds of a common fund are being held in an interest-bearing escrow

fund pending final distribution is fully consistent with precedent. In re *U.S. Bioscience Securities*

*Litigation*,155 F.R.D. 116, 122 (E.D.Pa.1994), this Court approved an award of pro-rata interest

as part of a common fund attorney fee award:

> the proper fee award should be 30% of the settlement fund, *together
> with interest*, and all costs incurred, is APPROVED and
> ADOPTED .... the following counsel for plaintiffs are awarded the
> specified sums as attorneys' fees, *interest thereon*, and costs, with
> attorneys' fees to be paid in cash and units in the same proportion as
> the settlement fund is constituted, and interest and costs to be paid
> entirely in cash from the settlement fund (emphasis supplied).

Likewise, in *In re Synthroid Marketing Litigation*, 325 F.3d 974, 980 (7th Cir. 2003), the

Seventh Circuit on appeal set the proper percentage award of attorney fees in a class action,

common fund award that included pro-rata interest:

> Because the consumer class recovered a total of $88 million, the fee
> comes to $17.52 million, or 19.9% of the fund. (The award in
> absolute dollars must be adjusted to reflect the interest that the fund
> has been accumulating; the parties should be able to agree on this
> mechanical calculation.)

These holdings awarding interest to class counsel in common fund cases are consistent

with Supreme Court guidance on this matter, *see Missouri v. Jenkins* 491 U.S. 274, 281-84, 109

S.Ct. 2463, 2468-70 (1989), holding that an adjustment for delay in payment of attorney fees is an

appropriate factor in the determination of what constitutes a reasonable attorneys' fee in civil

rights litigation under 42 U.S.C. § 1988. For these reasons, the award of interest to Plaintiff's

Counsel for its fees and expenses at the rate being earned by the escrow fund for in the Rite Aid

ERISA Litigation is fair and appropriate.

## E.      Conclusion

For the foregoing reasons, Plaintiff's Counsel respectfully request that it be awarded

attorneys' fees, expenses and interest in the amounts specified in the Supplemental Petition.

Respectfully Submitted,

Ronald S. Kravitz, Esq.
Randall J. Sunshine, Esq.
Liner Yankelevitz Sunshine & Regenstreif LLP
One Post Street
Suite 2400
San Francisco, CA  94104-5228

8

Steven J. Ross, Esq.
1015 Atlantic Boulevard
Suite 306
Atlantic Beach, FL 32233

Steven R. Fischer, Esq.
Steiker, Fischer, Edwards & Greenapple, P.C.
7318 Germantown Avenue
Philadelphia, PA 19119

Attorneys for Plaintiff Robert Kolar and the Class

Dated: September 29, 2003

9